## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**ANTHONY MCBRIDE** **PLAINTIFF**
**#62716**

**v.**  **Case No. 4:21-cv-00042-KGB**

**DOE** **DEFENDANT**

## <u>ORDER</u>

Plaintiff Anthony McBride, who is currently an inmate at the Pulaski County Detention Center, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on January 15, 2021 (Dkt. No. 2). In his complaint, Mr. McBride sued an unidentified Phillips 66 store owner in his or her official capacity only, alleging violations of his federally protected rights (*Id*., at 1-2). He claims a clerk working at the store filed a false police report against him, which led to his arrest for robbery (*Id*., at 4-5). Before the Court is Mr. McBride's motion for leave to proceed *in forma pauperis* filed March 9, 2021; his motion for leave to proceed *in forma pauperis* filed March 18, 2021; and his motion for status of case filed on July 30, 2021 (Dkt. Nos. 6, 7, 10).

I. ***In Forma Pauperis* Application**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, she will be allowed to proceed with her § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4).

If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner.   *See* 28 U.S.C. § 1915(b)(1) ("Notwithstanding subsection (a), if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee."); *see also Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 952 (D. Neb. 2001) ("The Prison Litigation Reform Act (PLRA) makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal.  Thus, when an application to proceed in forma pauperis (IFP) is filed in such a case, 'the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan.'") (citations omitted) (quoting *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir.1997)).

Mr. McBride has submitted documents that make the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 6).  Accordingly, the Court grants Mr. McBride's first motion to proceed *in forma pauperis* (Dkt. No. 6), and the Court denies as moot his second motion to proceed *in forma pauperis* (Dkt. No. 7).  Based on the information contained in Mr. McBride's account information sheet, the Court will not assess an initial partial filing fee.  Mr. McBride will be obligated to make monthly payments in the amount of 20% of the preceding month's income credited to Mr. McBride's prison trust account each time the amount in the account exceeds $10.00 until the $350.00 filing fee is fully paid.  28 U.S.C. § 1915(b)(2).

## II.    Background

Mr. McBride sued an unidentified owner of the Phillips 66 store located at Bankhead Drive in Little Rock, Arkansas (Dkt. No. 2, at 1).  According to Mr. McBride, a clerk at the store accused

him of stealing a drink (*Id.*, at 4).   In an attempt to show that he was wrongly accused, Mr. McBride

emptied his pockets to show the clerk that he "didn't have anything" (*Id.*).   Among the items

Mr. McBride took from his pocket was a pocketknife (*Id.*).   Mr. McBride explains that he never

"made it to the cash register [and] [he] had no intention [of] robbing [the] store [or] using a knife"

(*Id.*, at 5).   Rather, the only reason Mr. McBride took the knife out of his pocket was to show the

clerk that he was not stealing property (*Id.*).   He claims store cameras will confirm his actions (*Id.*).

Nonetheless, the store clerk filed an allegedly false police report that led to Mr. McBride's arrest

for robbery (*Id.*, at 4-5).   Mr. McBride asserts no store property was ever found on him (*Id.*, at 5).

In addition to his allegations regarding the false police report, Mr. McBride says he is

bringing claims for false imprisonment, defamation, and deprivation of his Range Rover, which

was impounded (*Id.*, at 6).   The Court interprets Mr. McBride's request for relief as seeking

damages (*Id.*).

### III.   Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a

governmental entity, officer, or employee. 28 U.S.C. § 1915A(a).   The Court must dismiss a

complaint or portion thereof if the prisoner has raised claims that:   (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief

from a defendant who is immune from such relief.  *Id.* § 1915A(b).   The *in forma pauperis* statute

also imposes these standards for dismissal.   28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact."  *Neitzke v.*

*Williams,* 490 U.S. 319, 325 (1989).   An action fails to state a claim upon which relief can be

granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."

*Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

### IV.    Discussion

To state a claim under § 1983, a plaintiff must show two essential elements: (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right. *Schmidt v. City of Bella Villa,* 557 F.3d 564, 571 (8th Cir.2009) (internal citation omitted). "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Bare allegations void of factual enhancement are insufficient to state a claim for relief under § 1983. *See Iqbal*, 556 U.S. at 678.

### A.    Claims Against Private Actors Under 42 U.S.C. § 1983

Private actors generally are not subject to liability under § 1983, but there are exceptions. As the Court of Appeals for the Eighth Circuit has explained,

> Private actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law. The plaintiffs

4

> must establish, at the very least, an agreement or meeting of the minds between the private and state actors, and a corresponding violation of the plaintiffs' rights under the Constitution or laws of the United States.

*Johnson v. Outboard Marine Corp.,* 172 F.3d 531, 536 (8th Cir. 1999) (internal citations omitted). "Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of § 1983 actions." *Dennis v. Sparks,* 449 U.S. 24, 27–28 (1980) (emphasis added) (internal quotations omitted).

Here, Mr. McBride sued an unidentified Phillips 66 store owner but made no factual allegations against him or her. Mr. McBride alleged facts against a store clerk. It is not clear from Mr. McBride's complaint whether the clerk and store owner are one and the same. Liability under § 1983 is based on individual actions. *Parrish*, 594 F.3d at 1001. Mr. McBride's claim against the Doe store owner, if it is a different individual than the clerk, fails because Mr. McBride alleged no actions on the part the store owner.

Beyond that, both the store owner and the clerk are private actors. For either to incur liability under 42 U.S.C. § 1983, Mr. McBride would have had to allege joint action between them and that they were state actors at the time of the events about which he complains. Mr. McBride did not, however, make such allegations. Further, "the mere furnishing of information to a law enforcement officer, even if the information is false, does not constitute joint activity with state officials." *Gibson v. Regions Financial Corp.*, 557 F.3d 842, 846 (8th Cir. 2009); *see also Burns v. Femiani*, 786 Fed. Appx. 375, 380 (3d Cir. 2019) (the filing of a false police report is insufficient to implicate the denial of a federal right) (*citing Landirgan v. City of Warwick*, 628 F.2d 736, 744 (1st Cir. 1980)). As such, Mr. McBride has failed to state a § 1983 claim against the Doe defendant—and the clerk.

5

Mr. McBride indicated that he is in jail awaiting trial on pending criminal charges (Dkt. No. 2 at 3). Public records reflect Mr. McBride has been charged with aggravated robbery and theft of property in the Circuit Court of Pulaski County, Arkansas. *See* Arkansas Judiciary Website, Docket Search, http://caseinfo.arcourts.gov; *State v. McBrode*, 60CR-20-4423.[1] In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. In the case at hand, Mr. McBride, in effect, claims his innocence—a defense to the criminal charges pending against him. Because Mr. McBride otherwise failed to state a viable 42 U.S.C. § 1983 claim against the store owner or clerk, however, the Court finds abstention is not required and that dismissal is appropriate.

### B.    No Cause of Action for Deprivation of Personal Property

Mr. McBride also claims he was deprived of his Range Rover, which was impounded (Dkt. No. 2, at 6). To the extent that Mr. McBride is seeking the return of his vehicle or its value, his claim fails because there is no due process violation when an adequate post-deprivation remedy exists. The State of Arkansas provides a post-deprivation remedy—an action for conversion—and Mr. McBride has not alleged the remedy is inadequate. *Hudson v. Palmer*, 468 U.S. 517, 536 (1984).

### C.    Supplemental Jurisdiction Over State Law Claims Declined

Mr. McBride also alluded to false imprisonment and defamation (Dkt. 2, at 6). Both false imprisonment and defamation are state law claims. *King v. Beavers*, 148 F.3d 1031, 1034 (8th Cir. 1998); *Paul v. Davis*, 424 U.S. 693, 701-02 (1976). This Court has supplemental jurisdiction

---

[1] The Court may take judicial notice of the proceedings in Mr. McBride's state cases because they are directly related to the issues here. *Conforti v. United States*, 74 F.3d 838, 840 (8th Cir. 1996).

6

over Mr. McBride's state law claims pursuant to 28 U.S.C. § 1367.  A court, however, may decline to exercise supplemental jurisdiction over state-law claims if there are no live federal claims in a case.  28 U.S.C. § 1367.  "'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine . . . will point towards declining to exercise jurisdiction over the remaining state-law claims.'"  *King v. City of Crestwood, Missouri*, 899 F.3d 643, 651 (8th Cir. 2018) (internal citation omitted).  Having already determined that Mr. McBride's federal claims must be dismissed, the Court declines to retain jurisdiction over Mr. McBride's state-law claims.

### V.      Conclusion

1.      Mr. McBride's motion for leave to proceed *in forma pauperis* is granted (Dkt. No. 6).

2.      As Mr. McBride's present custodian, the Administrator of the Pulaski County Detention Center, or his designee, or any future custodian, is directed to collect from Mr. McBride's institutional account monthly payments equal to 20% of the preceding month's income credited to Mr. McBride's account each time the amount in the account exceeds $10.00. The Administrator of the Pulaski County Detention Center, or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments must be clearly identified by the name and number assigned to this action.

3.      The Clerk of the Court is directed to send a copy of this order to the Administrator of the Pulaski County Detention Center, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

4.      Mr. McBride's motion for an update on the status of his case is granted, and this Order updates Mr. McBride on the status of his case (Dkt. No. 10).

5.      Mr. McBride's 42 U.S.C. § 1983 claims are dismissed without prejudice for failure to state a claim on which relief may be granted.

6.      The Court declines to exercise jurisdiction over any state law claims Mr. McBride raised.  28 U.S.C. § 1367(c).

7.      Mr. McBride's complaint is dismissed without prejudice (Dkt. No. 2).

8.      Dismissal of this action counts as a "strike" within the meaning of 28 U.S.C. § 1915(g).

9.      The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order or the accompanying Judgment would not be taken in good faith.

So ordered this 3rd day of August, 2021.

Kristine G. Baker
United States District Judge